United States District Court
Southern District of Texas
FILED

DEC 30 1998

Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JUAN JOSE LUNA-GUZME ) | |
| ) | |
| v. ) | C.A. No. B-98-193 |
| ) | |
| E.M. TROMINSKI, INS DISTRICT ) | |
| DIRECTOR ) | |

PETITION FOR WRIT OF HABEAS CORPUS

Comes Juan Jose Luna-Guzme, by and through the undersigned, and, pursuant to 28 USC §2241(c)(1) and (c)(3), files the instant Petition for Writ of Habeas Corpus, seeking relief from the Decision of the Board of Immigration Appeals, (the "BIA"), dated September 10, 1998, (Petitioner's Exhibit A, herein incorporated by reference), ordering that he be deported to Mexico.

I.  THE FACTS AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Mexico who has resided in the United States since May of 1978. He has five minor children, all born in this country. Mr. Luna obtained status as a Special Agricultural Worker as of September 10, 1987, and became a lawful permanent resident on December 1, 1990. In 1993, he was convicted of simple possession of marijuana, as a result of which he was given five years probation. He was subsequently placed in deportation proceedings, in which he applied for §212(c) relief.

On January 13, 1995, an Immigration Judge found him statutorily ineligible for said relief, on the grounds that he had not been a

lawful permanent resident for seven years.[1]  Mr. Luna appealed, arguing that he fulfilled the statutory requirements.  On April 15, 1996, the Board granted his appeal, and remanded the case, under *White v. INS, supra*.  However, a few days later, on April 24, 1996, the Antiterrorism and Effective Death Penalty Act, ("AEDPA"), was enacted, and INS took the position that, under AEDPA §440(d), he was statutorily ineligible for relief.  The Immigration Judge agreed, and again ordered him deported.  Mr. Luna again appealed.

On appeal, Mr. Luna urged AEDPA §440(d) was not intended to apply retroactively, and that, in the alternative, he should have been allowed to apply for §212(c) relief on a *nunc pro tunc* basis, under *Batanic v. INS*, 12 F.3d 662 (7th Cir. 1993) (where alien's rights abridged at hearing, and law changes while case is on appeal, rendering him otherwise ineligible for relief, the application must be considered on a *nunc pro tunc* basis).  He also argued that since AEDPA §440(d) does not apply to persons seeking admission, *Matter of Fuentes-Campos,* I.D. 3318 (BIA 1997), his §212(c) application for a waiver of the grounds of *inadmissibility* created by his marijuana conviction could be considered in conjunction with an application for adjustment of status, *see, Matter of Gabryelsky,* 20 I&N Dec. 750 (BIA 1993), and that, in the further alternative, AEDPA §440(d) would be unconstitutional as applied to him.

On September 10, 1998, the Board dismissed his appeal, based solely on the decision of the Attorney General in *Matter of Soriano,*

---

[1] At that time, it was the Board's position that the entire seven years of lawful domicile in the U.S. had to accrue subsequent to admission for lawful permanent residence.  This interpretation was rejected by the Fifth Circuit as inconsistent with the plain meaning of the statute.  *White v. INS,* 75 F.3d 213 (5th Cir. 1996).

2

*supra*, holding that AEDPA §440(d) applies to all cases pending when it was enacted. The Board noted his constitutional challenges, but completely ignored his argument that he should be allowed to proceed on a *nunc pro tunc* basis. *See, Opie v. INS*, 66 F.3d 737, 740 (5th Cir. 1995) (Although BIA need not "write an exegesis on every contention... its opinion must reflect that it has heard and thought and not merely reacted.").

## II. THE CAUSE OF ACTION

Among other issues, the instant petition challenges the decision of the Attorney General in *Matter of Soriano, supra*, on the grounds that Congress did not intend that AEDPA §440(d) be applied retroactively. The case therefore falls within the series of habeas petitions which the parties agreed would be governed by *Cantu-Salinas v. Trominski*, No. C.A. B-97-183, decided August 26, 1998, Southern District of Texas, Hon. Filemon B. Vela presiding. In said case, Judge Vela held that the Court had jurisdiction under 28 USC §2241, that Congress did not intend that 8 USC §1252(g) amend 28 USC §2241, and that Congress also did not intend for AEDPA §440(d) to be applied to convictions predating its enactment. *See also, Lerma de Garcia v. INS*, 141 F.3d 215 (5th Cir. 1998); *U.S. ex rel Marcello v. INS*, 634 F.2d 964 (5th Cir. 1981); *Heikkila v. Barber*, 345 U.S. 229 (1953); *Felker v. Turpin*, 116 S.Ct. 2333 (1996); *Magana-Pizano v. INS*, 152 F.3d 1213 (9th Cir. 1998) (where no other avenue of appeal exists, repeal of habeas jurisdiction over deportation order violates Suspension Clause of the U.S. Constitution); *Henderson v. INS*, 157 F.3d 106 (2nd Cir. 1998) (habeas jurisdiction exists over deportation order under 28 USC §2241, notwithstanding 1996 amendments to the Immigration and Nationality Act); *Goncalves v. Reno*, 144 F.3d 110 (1st Cir. 1998);

3

and *Sabino v. Reno*, 8 F.Supp.2d 622 (S.D.Tx 1998) (habeas jurisdiction in exclusion cases for a lawful permanent resident, for whom no other avenue for review exists, extends to review of the exercise of discretion).

Mr. Luna also contends that AEDPA §440(d) violates Equal Protection, in that, pursuant to *In re Campos-Fuentes, supra*, it restricts access to relief only to residents in deportation, and not those under exclusion proceedings. As erroneously interpreted by the BIA in *Matter of Gonzalez-Camarillo*, I.D. 3320 (BIA 1997), AEDPA §440(d) precludes adjustment of status, with a §212(c) waiver of the ground of excludability created by the conviction. When such applications are before the District Director, rather than the Immigration Judge, §440(d) presents no such barrier. This also violates Equal Protection. *See, Plyler v. Doe*, 102 S.Ct. 2382 (1982) (even aliens unlawfully present in the United States are entitled to Equal Protection); *Reno v. Flores*, 113 S.Ct. 1439, 1449 (1993) (federal statute reviewed for Equal Protection violation, but none found); *Texas Manufactured Housing Ass'n, Inc. v. City of Nederland*, 101 F.3d 1095, 1106 (5th Cir. 1996) (to pass Equal Protection muster, factor on which legislative discrimination is based must bear fair and substantial relationship to the objectives of the legislation); *Yeung v. INS*, 76 F.3d 337, 339 (11th Cir. 1996) (statute violates Equal Protection where eligibility for relief based on an arbitrary factor); *Bedoya-Valencia v. INS*, 6 F.3d 891, 895 (2nd Cir. 1993) (same); *Ghassan v. INS*, 972 F.2d 631, 633,n.2 (5th Cir. 1992) (extending §212(c) relief to aliens in deportation proceedings on Equal Protection grounds). *See also, Nuñez v. Boldin*, 537 F.Supp. 578, 584-85 (S.D.Tx. 1982), aff'd, 692 F.2d 755 (5th Cir. 1982) (right to apply for relief from deportation, and

receive meaningful consideration of such an application, may be protected by Due Process Clause).

It is therefore urged that, in accordance with *Cantu-Salinas v. Trominski, supra*, the instant deportation order be vacated, and the case be remanded to the BIA for further proceedings consistent with the principles set forth therein.

Respectfully Submitted,

Lisa S. Brodyaga, Attorney at Law
402 E. Harrison, 2nd Floor
Harlingen, Texas 78550
(956) 421-3226

## VERIFICATION

I, Lisa S. Brodyaga, certify that I am familiar with the facts as stated above, and that they are true and correct to the best of my knowledge and belief.



## CERTIFICATE OF SERVICE

I hereby certify that a courtesy copy of the foregoing, with Exhibit A, were personally served on the Office of Lisa Putnam and Cheri Jones, SAUSAs, 1701 Zoy St., Harlingen, Texas, on this ____ _____ day of December, 1998.

```
               UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                    BROWNSVILLE DIVISION
```

JUAN JOSE LUNA-GUZME                )
                                    )
v.                                  )    C.A. No.  **B-98-193**
                                    )
E.M. TROMINSKI, INS DISTRICT        )
      DIRECTOR                      )
_____)


             EXHIBIT "A" IN SUPPORT OF PETITION
                FOR WRIT OF HABEAS CORPUS

U.S. Department of Justice

Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File: A90 744 580 - Harlingen

Date: SEP 10 1998

In re: JUAN JOSE LUNA-GUZME

IN DEPORTATION PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Lisa S. Brodyaga, Esquire
402 East Harrison, 2nd Floor
Harlingen, Texas 78550

ON BEHALF OF SERVICE: Elsa Escobar Rodriguez
Assistant District Counsel

ORDER:

PER CURIAM. You are seeking relief from deportation under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c). However, you are statutorily ineligible for such relief as an "alien who is deportable by reason of having committed any criminal offense covered in section 241(a)(2)(A)(iii), (B), (C), or (D), or any offense covered by section 241(a)(2)(A)(ii) for which both predicate offenses are, without regard to the date of their commission, otherwise covered by section 241(a)(2)(A)(i)." See Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA") § 440(d); Matter of Soriano, Interim Decision 3289 (A.G., Feb. 21, 1997).

You have argued on appeal that AEDPA is unconstitutional. We cannot rule on the constitutionality of laws enacted by Congress. See, e.g., Matter of Fuentes-Campos, Interim Decision 3318 (BIA 1997); Matter of C-, 20 I&N Dec. 529 (BIA 1992).

We note although you argue that you are eligible for cancellation of removal, this Board does not have authority to place you in the new "removal" proceedings, and it is only in those proceedings that you could apply for cancellation of removal.

Accordingly, your appeal is dismissed. The request for oral argument before the Board is denied. The motion to strike the Service's brief is denied.

FOR THE BOARD